# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

JUSTIN EDWARD LEWIS,

    Plaintiff,

v.

GINA PENROSE, and
DELMAR BICE,

    Defendants.

NO: 4:18-CV-5153-TOR

ORDER OF DISMISSAL

BEFORE THE COURT is the Defendants' Motion to Dismiss (ECF No.10). This matter was heard without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED**.

## BACKGROUND

This case was originally filed by plaintiff in Franklin County Superior Court. ECF No. 1-3. Defendants removed it to this court on September 12, 2018 based on Plaintiff's supposed claim under 42 U.S.C. § 1983 for an express reference to an

ORDER OF DISMISSAL ~ 1

Eighth Amendment violation.  ECF No. 1.  Defendants filed an Answer to the Complaint (ECF No. 2) and the Court entered a Jury Trial Scheduling Order (ECF No. 9) setting this matter for trial on June 24, 2019.  The deadline for amending pleadings and adding parties expired on December 30, 2018, and the deadline for filing dispositive motions was March 25, 2019.  *Id*.  On May 17, 2019, the Court suspended all remaining unexpired deadlines, hearings and the trial, pending resolution of the Defendants' Motion to Dismiss.  ECF No. 16.

Defendants timely moved for judgment on the pleadings claiming Plaintiff has not alleged any claim against Defendant Penrose and alleges no facts that would support a claim against Defendant Bice.  ECF No. 10.  The required notice to pro se prisoner plaintiffs was provided to Plaintiff in this case.  ECF Nos. 11, 13 (*Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) notice).

Plaintiff has filed no opposition to the motion to dismiss despite the *Rand* notice and Local Civil Rule 7(e) which provides that "the failure to comply with the requirements of LCivR 7(b) or (c) [regarding the filing of an opposition] may be deemed consent to the entry of an order adverse to the party who violates these rules."

Plaintiff lists Defendant Gina Penrose in the caption and in the list of defendants but neglects to include any factual allegation about her whatsoever. ECF No. 1-3.  Plaintiff alleges no facts that would support a claim against

Eighth Amendment violation.  ECF No. 1.  Defendants filed an Answer to the Complaint (ECF No. 2) and the Court entered a Jury Trial Scheduling Order (ECF No. 9) setting this matter for trial on June 24, 2019.  The deadline for amending pleadings and adding parties expired on December 30, 2018, and the deadline for filing dispositive motions was March 25, 2019.  *Id*.  On May 17, 2019, the Court suspended all remaining unexpired deadlines, hearings and the trial, pending resolution of the Defendants' Motion to Dismiss.  ECF No. 16.

Defendants timely moved for judgment on the pleadings claiming Plaintiff has not alleged any claim against Defendant Penrose and alleges no facts that would support a claim against Defendant Bice.  ECF No. 10.  The required notice to pro se prisoner plaintiffs was provided to Plaintiff in this case.  ECF Nos. 11, 13 (*Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) notice).

Plaintiff has filed no opposition to the motion to dismiss despite the *Rand* notice and Local Civil Rule 7(e) which provides that "the failure to comply with the requirements of LCivR 7(b) or (c) [regarding the filing of an opposition] may be deemed consent to the entry of an order adverse to the party who violates these rules."

Plaintiff lists Defendant Gina Penrose in the caption and in the list of defendants but neglects to include any factual allegation about her whatsoever. ECF No. 1-3.  Plaintiff alleges no facts that would support a claim against

Defendant Bice. Plaintiff's complaint is the epitome of a bare bones complaint without any substantive allegations.

## DISCUSSION

### A. Standard of Review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In reviewing a Rule 12(c) motion, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." M*arshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999)). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be

granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the court may consider the plaintiff's allegations and any "materials incorporated into the complaint by reference." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

Since the Complaint does not properly state a cause of action against either Defendant and Plaintiff has not responded to the motion to dismiss, it appears Plaintiff has abandoned his cause of action. The time to amend pleadings and add parties has long passed. Discovery is closed. On the eve of trial, this motion to dismiss—for judgment on the pleadings—was filed. The Plaintiff has left the Court with no alternative but to dismiss.

**ACCORDINGLY, IT IS ORDERED:**

1. Defendants' Motion to Dismiss (ECF No.10) is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED** with prejudice.

The District Court Clerk is directed to enter this Order and Judgment for the Defendants, provide copies to the parties and **close** the file.

**DATED June 28, 2019**.



THOMAS O. RICE
Chief United States District Judge

ORDER OF DISMISSAL ~ 5